

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable E. H. Griffith
County Attorney, Young County
Graham, Texas

Dear Mr. Griffith:

Opinion No. O-2367
Re: Validity of method used
in Young County to assess
mineral lands.

This will acknowledge receipt of your letter of May 16, 1940, requesting an opinion from this Department on the following question:

"For the purpose of assessing valuation on the 7/8 oil lease interest in and to land in Young County the following system is used: The total oil production from a lease for the last three months of each year is divided by 92, which said valuation becomes the average daily production for the entire taxable year, which said daily production is valued at the rate of $310 per barrel. A similar plan is used in regard to the valuation of royalty interest in and to land with the exception that the estimated daily production is valued at the rate of $450.00 per barrel. The equipment on the lease is not considered in the assessment. This plan is not used in the valuation of any other taxable property in Young County. Is such valuation of oil leases and royalty interest constitutional?"

It is the opinion of this Department that the method of assessing oil leases and oil royalty stated in your question is arbitrary and not in compliance with Article 8, Section 1 of the Constitution of Texas, requiring that taxes shall be equal and uniform and that all property shall be taxed in proportion to its value. Nor is such method in compliance with the statute covering assessment and assessors, Chapter 70, Title 122, being

Hon. E. H. Griffith, Page 2

Articles 7177 to 7244, R. C. S. of Texas, as amended and shown in Vernon's Annotated Civil Statutes under the same article numbers, which we will not discuss in detail, since the tax assessor and Board of Equalization should be thoroughly familiar with these statutes under which they are bound to act. The paramount thing in assessing property for taxation is the determination of the fair market value of the property, and if it is found not to have a market, then its true value as provided in the above statutes. It is very obvious that the above method which you state as being used in Young County has very little to do with the market value of the oil leases or oil royalty, as this plan deals with the amount of oil produced in a previous year when the criterion is the value of the property on January 1 of the year for which it is assessed.

There are, no doubt, many leases which have not been developed at all or not developed fully, which are very valuable. The above method seems to be based, to a large extent, on how well the tract in question has been developed and not at all upon the amount of recoverable oil in place, which would be a determining factor in arriving at the fair market value. It seems that the fair market value of the minerals under a given tract of land should not be difficult to ascertain, particularly in a proven field.

In the case of Richardson v. State, 53 S. W. (2) 508, (Court of Civ. App., Eastland), 84 S. W. (2) 1077 Com. App., the same method of assessment as related in your opinion request was used except the value used in that case was about three times as high as that used in Young County, and the jury in that case found that the method was not fair, uniform, and equal method of determining such values, and that such method resulted in arbitrary discrimination against the taxpayer involved in favor of other properties in the county. This finding was upheld by the Court on appeal. The Richardson case and Hunt v. Throckmorton Independent School District, 59 S. W. (2) 470, cited by you in your letter as well as many other cases, hold that an arbitrary method of fixing valuations, resulting in unjust discrimination against the taxpayer results in the assessment being void.

Hon. E. H. Griffith, Page 3

An answer to your question calls for the determination of a question of fact, as well as one of law, but we feel that the method adopted is so foreign to the method provided by the Constitution and Statutes of this State, and so vulnerable to an attack by the taxpayers in general of the County, that your question should be answered in the negative, and we so answer it.

In answering your request, we have looked at it from a broad viewpoint as you have questioned us with respect to the method in general, and of course we realize that should the method be attacked in court by a particular taxpayer, such taxpayer would not only have to prove that the method was arbitrary, but that it worked an unjust discrimination against him in order to successfully attack same.

Trusting that this sufficiently answers your request, we are

Yours very truly

ATTORNEY GENERAL OF TEXAS

By      *D D Mahon*

D. D. Mahon
Assistant

DDM:BT

APPROVED MAY 29, 1940

*Gerald C. Mann*

ATTORNEY GENERAL OF TEXAS



APPROVED
OPINION
COMMITTEE
BY _____
CHAIRMAN